UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2003 OCT 23 P 4:00

US DISTRICT COURT
BRIDGEPORT CT

TROY HARRIS

v.                              Case No.   PRISONER
                                3:02CV485(DJS)

JOHN ARMSTRONG, et al.

## RULING ON MOTION TO SET ASIDE DEFAULT

Defendant Grant, the only remaining defendant in this case, moves to set aside the default entered in this case on September 18, 2003. For the reasons that follow, defendant Grant's motion is granted.

The Second Circuit has expressed its preference that cases be decided on the merits, see, e.g., Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993), rather than by default which should be used "only in extreme situations." Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir. 1994) (citations and internal quotation marks omitted). In ruling on a motion to set aside a default, the Second Circuit directs the district court to consider whether the default was willful, whether the defendants have a valid defense to the claims and whether the plaintiff has been prejudiced by the default. See SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).

Defendant's counsel states that the default was inadvertent and has attached to his motion a copy of the appearance he signed

on August 26, 2003, and thought he mailed to the court. In addition, defendants' counsel states that the plaintiff will not be prejudiced.

The court concludes that the default was not willful and can discern no prejudice to the plaintiff. Thus, defendant Grant should have the opportunity to have the court deal with the case on the merits. Defendant Grant's Motion to Set Aside Default [doc. #13] is **GRANTED**. Counsel is directed to file his appearance within **ten (10)** days from the date of this order. The Clerk is directed to send a copy of this order to Assistant Attorney General Michael Lanoue, 110 Sherman Street, Hartford, CT 06105.

SO ORDERED this 22nd of October, 2003, at Hartford, Connecticut.

Dominic J. Squatrito
United States District Judge